IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-134-FL

| | | |
|---|---|---|
| DEBORAH HAGANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 16, 19).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. issued memorandum and recommendation ("M&R") recommending that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R to which defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on September 18, 2008, alleging that she became unable to work on August 12, 2004. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated November 4, 2010. Plaintiff requested review by the Appeals Council ("AC"), which admitted new

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

exhibits, but denied the request for review on June 22, 2012. Plaintiff filed complaint in the Eastern District of North Carolina on July 10, 2012, for review of the final administrative decision.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the

record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: reflex sympathetic dystrophy ("RSD"), hypertension, hyperlipidemia, and a cerebrovascular accident ("CVA") with decreased memory and impaired balance. He also found that plaintiff had the following non-severe mental impairments: depression and anxiety. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: occasionally climb ladders, ropes, scaffolds, stairs/ramps; occasionally balance; occasional, but not frequent, fingering with her right hand; no exposure to unprotected heights, moving machinery, vehicles, or firearms; avoid humidity

and cold; no jobs that require fine visual acuity. The ALJ determined that plaintiff could not perform her past relevant work, but that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

B.  Analysis

Plaintiff objects to the M&R, asserting that it fails to consider evidence favorable to her case. In essence, plaintiff's objection is twofold. Plaintiff contends that (1) the ALJ failed to assign appropriate weight to treating physician Dr. Krakauer's opinion that plaintiff is limited to one-handed light work, and (2) the commissioner's decision that plaintiff can do light work where she has some use of her right hand is not supported by substantial evidence. Upon *de novo* review of plaintiff's objection, the court concludes it should be overruled.

Although the ALJ generally must accord greater weight to the testimony of a treating physician, such as Dr. Krakauer, "if a physician's opinion is not supported by the clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). In this case, Dr. Krakauer stated that "the patient would be best evaluated with a functional capacity evaluation, though I strongly suspect she would be restricted to very light duty, probably involving 1 hand." R. 238. However, Dr. Wooten, another treating physician, rated plaintiff as having only a "5% permanent partial disability" in her right hand and recommended that she return to the work force so long as she avoid highly repetitive jobs. R. 231. Thus, where Dr. Krakauer's opinion is inconsistent with other substantial evidence, the ALJ did not err by giving Dr. Krakauer less weight. See Hunter v.

4

Sullivan, 993 F.2d 31, 35 (4th Cir 1992) ("The ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence. . . .").

Plaintiff's remaining argument is that the ALJ's RFC finding is incorrect because the evidence shows she has insufficient use of her right hand. The court has reviewed this *de novo* and finds, for the reasons set forth in the thoughtful and thorough M&R, that this objection should be overruled. The court's review is to determine if substantial evidence supported the ALJ's decision, "not . . . to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002) (quotations omitted). As noted in the M&R, substantial evidence supported the ALJ's finding with respect to plaintiff's right hand. See, e.g., R. 208 (plaintiff reported less intense and less frequent pain after a block injection; plaintiff discontinued use of pain medication without consulting her doctor); R. 245 (plaintiff took no pain medications for four years); R. 290 (consultative examiner opined that plaintiff "appears able to perform Medium work with some fingering limitations to right hand"). Accordingly, plaintiff's objection is overruled.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion for judgment on the pleadings (DE 16), GRANTS defendant's motion for judgment on the pleadings (DE 19), and AFFIRMS the final decision by defendant. The clerk is DIRECTED to close this case.

SO ORDERED this the 26th day of September, 2013.

                                                  _____
                                                  LOUISE W. FLANAGAN
                                                  United States District Judge